## Samuel D. Greenwood *vs.* Lake Shore Railroad Company.

·The incorporation of defendants sued as a corporation may be denied after they have appeared generally and filed an affidavit of merits.

In an action of tort the defendants, alleged in the writ to be a foreign corporation, after filing an affidavit of merits, answered, denying their legal incorporation.

By the officer's return, it appeared that service was made upon the supposed agent of the defendants, and a chip attached as their property.

At the trial in the superior court of Suffolk at November term 1856, the defendants requested the court to rule, that the plaintiff must first produce and prove the act of incorporation of the defendants, and objected to other evidence being put in before such proof; and contended that the plaintiff could not maintain his action without it. But *Abbott,* J. ruled " that a general appearance and filing an affidavit of merits was sufficient, without proving the act of incorporation ; and that after such appearance and affidavit of merits the defendants could not in this action deny that they were a corporation." The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*J. H. Bradley,* for the defendants, cited *Middlesex Husbandmen & Manufacturers* v. *Davis,* 3 Met. 137 ; *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 288 ; *Townsend* v. *Baptist Church in Lowell,* 6 Cush. 281, & cases cited ; *Whitmore* v. *Congregational Society in Plymouth,* 2 Gray, 306 ; *Benthall* v. *Hildreth,* 2 Gray, 288 ; Gould Pl. *c.* 5, § 138.

*H. F. Durant,* for the plaintiff. The defendants, by appearing generally by attorney as a corporation, and as such filing an affidavit of defence upon the merits, and answering on the merits, have admitted that they are a corporation, and cannot afterwards say that they are not, or call upon the plaintiff to prove that they are. *Gilbert* v. *Nantucket Bank,* 5 Mass. 97. *Stone* v. *East Berkshire Congregational Society,* 14 Verm. 86. 1 Kyd on Corp. 285.

DEWEY, J. The ruling of the superior court, that after an entry of a general appearance on the docket, and the filing of an affidavit of merits, or in the language of the statute, ( *St.* 1852, *c.* 312,) that the party " verily believes that the defendants have a substantial defence to the action on its merits," it was not competent for the defendants in their answer to deny that they were a legal corporation and raise that issue, was erroneous. Such defence was open to the defendants, and was properly raised in their answer. The entry of a general appearance operated as a waiver of all objections to the want of a proper service of the writ upon the defendants, but did not affect the defence upon the merits. *Exceptions sustained.*